IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARIEN BARBER,                    )
                                  )
              Petitioner          )     Civil Action
                                  )     No. 13-cv-1636
        v.                        )
                                  )
MICHAEL OVERMYER;                 )
THE DISTRICT ATTORNEY OF          )
  PHILADELPHIA COUNTY; and        )
THE ATTORNEY GENERAL OF           )
  THE COMMONWEALTH OF             )
  PENNSYLVANIA,                   )
                                  )
              Respondents         )

**O R D E R**

NOW, this 9th day of September, 2014, upon consideration of the following documents:

> (1)  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition was filed by petitioner pro se on March 19, 2013 ("Petition");[1]
>
> (2)  Petition for Stay and Abeyance of Petitioner[']s Timely Filed §[]2254 Federal Habeas Corpus Petition, which petition for stay and abeyance was filed by petitioner pro se on March 28, 2014;
>
> (3)  Response to Petition for Stay and Abeyance, which response was filed by respondents on May 2, 2014 ("Response"), together with Exhibits A through D to the Response; and
>
> (4)  Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated and filed June 10, 2014;

---

[1]      Although the within Petition was filed with the Clerk of Court on March 28, 2013, petitioner certified, under penalty of perjury, that he placed the Petition in the prison mailing system on March 19, 2013.  Thus, it is treated as having been filed March 19, 2013 pursuant to the prison mailbox rule. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Rule 3(d) of the Rules Governing Section 2254 Habeas Cases in the United States District Courts.

it appearing that no objections have been filed to the Report and Recommendation of Magistrate Judge Hey;[2] it further appearing that after review of this matter that Magistrate Judge Hey's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that Magistrate Judge Hey's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that the petition for habeas corpus relief is stayed and all proceedings are held in abeyance until conclusion of petitioner's state court proceedings.[3]

IT IS FURTHER ORDERED that petitioner and respondents shall notify the court within 30 days after the completion of the state-court proceedings.  Failure to do so may result in the dismissal of the within petition.

                              BY THE COURT:


                              /s/ JAMES KNOLL GARDNER____
                              James Knoll Gardner
                              United States District Judge

---

[2]     Petitioner received a Notice accompanying the Report and Recommendation stating that petitioner was required to file any objections within fourteen days of service of the Notice and filing of the Report and Recommendation pursuant to Rule 72.1(IV)(b) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  The Report and Recommendation was filed on June 10, 2014.  Notice was served June 11, 2014.  Thus, any objections were required to be filed on or before June 25, 2014.  Petitioner has not filed any objections as of the date of this Order.

[3]     More specifically, this federal habeas action is stayed and held in abeyance pending final disposition by the Pennsylvania state courts of the Second Petition for Post[-]Conviction Relief filed on October 2, 2012 by petitioner Darien Barber pro se in Commonwealth of Pennsylvania v. Darien Barber, No. CP-51-CR-0901961-2005, in the Court of Common Pleas of Philadelphia County, Pennsylvania. (See Exhibit C to the Response, Criminal docket entries in that case at page 15 of 17 in the state docket, which page is page 16 of 18 in Document 15-3 of the within federal docket; Exhibit D to the Response, a copy of that Second Petition.)